RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Howard James Ryan,                                    :
                                                      :     **COMPLAINT**
                        Plaintiff,                    :
                                                      :     **21-CV-113**
            -against-                                 :
                                                      :
                                                      :
Laura Curran, as County Executive of the County of    :
Nassau, in her official capacity, County of Nassau,   :
Police Officer Kelleher and Police Officer John Doe,  :
both in their individual and official capacities,     :
                                                      :
                        Defendants.                   :
------------------------------------------------------------------------X

      Plaintiff HOWARD JAMES RYAN, ("plaintiff"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, Laura Curran, as County Executive of the County of Nassau, in her professional capacity, County of Nassau, Police Officer Kelleher, in his individual and professional capacities, Police Officer John Doe, in his individual and professional capacities, jointly and severally (collectively referred herein as "Defendants") allege:

## JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 for a deprivation of plaintiff's constitutional rights committed by Defendants, while acting in concert under color of law, as guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(3) and the Fourteenth Amendment to the United States Constitution. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York according to 28 U.S.C. § 1391 because the defendant municipality is located there, plaintiff resides there, and the events occurred there.

## THE PARTIES

4. At all relevant times herein, plaintiff, a white male, resided in Ridge, New York in the County of Suffolk.

5. Defendant County of Nassau is a municipal corporation organized under the laws of the State of New York and operates and maintains the Nassau County Police Department.

6. Defendant Laura Curran is the County Executive of the County of Nassau.

7. At all relevant times herein, defendant Kelleher is a police officer employed by the Nassau County Police Department in or about January 2020.

8. At all relevant times herein, defendant John Doe #1 is a police officer employed by the Nassau County Police Department in or about January 2020.

9. At all times herein, all police officers were acting under color of law.

10. At all times herein, Defendants Kelleher and John Doe #1 were acting in the scope of their employment as Nassau County Police Officers.

## ADMINISTRATIVE PREREQUISITES

11. On or about April 9, 2020, plaintiff timely filed a Notice of Claim pursuant to § 50 of the General Municipal Law.

12. Plaintiff appeared for his § 50-h hearing and over 30 days have passed since without Nassau adjusting the claim.

13. This action is being filed within 1 year and 90 days of the occurrence of the events set forth herein.

## COUNT I.

14. Plaintiff repeats, realleges, and incorporates each and every factual allegations as though fully set forth herein.

15. On January 10, 2020, two Nassau County Police Officers (Officer Kelleher and Police Officer John Doe) entered Plaintiff's home and arrested him.

16. The officers placed Plaintiff's hands behind his back and handcuffed him.

17. Plaintiff advised that he was handcuffed too tightly

18. The officers placed Plaintiff in the back of the SUV, without affixing a seatbelt.

19. Officer Kelleher intentionally swerved the car from side to side, which caused Plaintiff to be tossed all over and sustain physical damage to his shoulder, right arm, right wrist, right thumb, and right thigh.

20. The officers drove Plaintiff from Ridge to Gilgo Beach and questioned him about Suffolk Police Chief James Burke, while Plaintiff was still handcuffed in the back seat.

21. Then, the Officers pulled away quickly and violently, with Officer Kelleher driving the police vehicle.

22. Plaintiff stated that he could not feel his right shoulder and right thumb.

23. Officer Kelleher told Police Officer John Doe that they should pull over and loosen the handcuffs, and Police Officer John Doe stated that he left the keys as the Precinct.

24. Officer Kelleher told Plaintiff that he was sorry, and he would quickly drive to the Precinct.

25. At the Precinct, Plaintiff was strip-searched.

26. Plaintiff was prevented from phoning his counsel.

27. Plaintiff told the Officers that he was starting to feel weak and was then handcuffed to a wall with his arms behind him.

28. Plaintiff again told the Officers that he could not feel his right thumb.

29. After approximately two hours, Plaintiff was released from the wall and allowed to sit down with his hands cuffed in front of him.

30. The police officers brought Plaintiff food but, due to the injuries he suffered and handcuffs, Plaintiff was barely able to get it to his mouth.

31. Several hours later, when the Police Officers prepared to transport Plaintiff to Mineola, Plaintiff told Officer Kelleher that he was injured.

32. Officer Kelleher told Plaintiff not to tell anyone about the injury or he would be hospitalized for three days.

33. Plaintiff was then transported to Mineola and released without bail.

34. Defendants used unreasonable and excessive force and battered Plaintiff.

35. Defendants' actions were intentionally, recklessly, and/or negligently done to intimidate and cause Plaintiff physical and emotional injuries.

36. The excessive force and battering used by Defendants, by intentionally transporting Plaintiff in an unsafe manner, and cuffing him too tightly, was conducted the color of law within the purview of § 1983.

37. The excessive force and battering was an abused of power, constituted a seizure within the meaning of the Fourth Amendment, deprived Plaintiff of his liberty, and was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

38. Defendants engaged in excessive force and battering intentionally caused injury to Plaintiff, in violation of Plaintiff's Fourth and Fourteenth amendment rights guaranteed under the United States Constitution, causing injury to Plaintiff, to be proven at trial, up to $1 million plus counsel fees.

## COUNT II.

39. Plaintiff repeats, realleges, and reincorporates each previous allegation as though fully set forth herein.

40. Although Defendant COUNTY OF NASSAU knew, or should have known, about the above described conduct and violations of Constitutional law, it failed to properly punish, charge, or reprimand such conduct, and condoned such conduct.

41. Police Officers were aware that such unconstitutional conduct would not be investigated, that they would be indemnified, and that they would not be punished for the aforesaid conduct.

42. Defendant COUNTY OF NASSAU encouraged and condoned said unconstitutional conduct.

43. Defendant COUNTY OF NASSAU's refusal to take action against the Defendant Police Officers was part of a custom, practice, and police of neglect and deliberate indifference, which caused injury to Plaintiff.

44. The customs, policies, and practices of Defendant COUNTY OF NASSAU were the proximate cause of Plaintiff's injuries.

45. As a result of the Defendant COUNTY OF NASSAU's customs, policies, and practices for creating an environment that tolerates, encourages, and condones constitutional violations, Plaintiff was greatly humiliated, injured, incurred medical

expenses, and suffered anxiety, stress, pain and suffering, , causing injury to Plaintiff, to be proven at trial, up to $1 million plus counsel fees.

## COUNT III.

46. Plaintiff repeats, realleges, and reincorporates each previous allegation as though fully set forth herein.

47. Defendants used excessive force and battered and injured Plaintiff, while acting within the scope of their employment, causing damage to Plaintiff.

48. The individual Defendants violated New York State law and are liable therefor for the use of excessive force and battering of Plaintiff.

49. Defendant COUNTY OF NASSAU is liable under *respondeat superior* for the actions of its employees.

## JURY DEMAND

50. The plaintiff demands trial by jury.

WHEREFORE, the plaintiff demands judgment against the defendants and prays:

(a) That this court award the plaintiff pre-judgment interest, compensatory damages in the amount of $1 million and punitive damages in the amount of $5 million (against the individual police officers) for each count of defendants' willful unlawful violation of plaintiff's constitutional and common law rights;

(b) That this court award the plaintiff attorneys fees, disbursements, and costs pursuant to 42 U.S.C. Section 1988;

(c) That this court issue a declaratory judgment declaring that Defendants violated plaintiff's constitutional rights;

(d) That this court issue a permanent injunction restraining defendants from further violating plaintiff's constitutional rights;

(e) That this court award the plaintiff such other and further relief as may be just and equitable.

Dated:    Mineola, NY
           January 8, 2021

RAYMOND NARDO, P.C.

_____
RAYMOND NARDO, ESQ.
129 Third Street
Mineola, NY 11501
(516)248-2121
Raymondnardo@gmail.com