UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HOWARD JAMES RYAN,

**Docket No. 21-CV-113 (RPK)(ARL)**

                Plaintiff,

**ANSWER**

       -against-

LAURA CURRAN, AS COUNTY EXECUTIVE
OF THE COUNTY OF NASSAU, IN HER
OFFICIAL CAPACITY, COUNTY OF NASSAU,
POLICE OFFICER KELLEHER and
POLICE OFFICER JOHN DOE, BOTH IN THEIR
INDIVIDUAL AND OFFICIALCAPACITIES
                Defendants.
----------------------------------------------------------------x

       The defendants, LAURA CURRAN, COUNTY OF NASSAU and POLICE OFFICER KELLEHER (hereinafter "County Defendants"), appearing herein by their attorney, JARED A. KASSCHAU, County Attorney of Nassau County, SPENCER D. SHAPIRO, Deputy County Attorney, for its answer to the Complaint herein, sets forth upon information and belief, as follows:

## **AS AND FOR AN ANSWER TO SECTION: JURISDICTION AND VENUE:**

       1.    Deny the truth of the allegations contained in paragraph 1 of the Complaint and respectfully refer all issues of law to the Court.

       2.    Deny the truth of the allegations contained in paragraph 2 of the Complaint and respectfully refer all issues of law to the Court.

       3.    Deny the truth of the allegations contained in paragraph 3 of the Complaint and respectfully refer all issues of law to the Court.

## **AS AND FOR AN ANSWER TO SECTION: PARTIES:**

       4.    Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 4 of the Complaint.

5. Deny allegations contained in paragraph 5 but aver that the County of Nassau is a municipal corporation under the laws of the State of New York.

6. Deny allegations contained in paragraph 6 but aver that the Laura Curran is the County Executive of the County of Nassau.

7. Deny allegations contained in paragraph 7 but aver that Police Officer Kelleher is a natural person employed by the Nassau County Police Department.

8. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 8 of the Complaint.

9. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 9 of the Complaint.

10. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 10 of the Complaint.

**AS AND FOR AN ANSWER TO SECTION: ADMINISTRATIVE PREREQUISITES**

11. Deny the truth of the allegations contained in paragraph 11 but aver that a purported Notice of Claim was filed on or about April 9, 2020

12. Deny the truth of the allegations contained in paragraph 12 but aver that a 50h hearing was held.

13. Deny the truth of the allegations contained in paragraph 13 of the Complaint and respectfully refer all issues of law to the Court.

## AS AND FOR AN ANSWER TO SECTION: COUNT I

14. Repeat, reiterate and reallege each and every denial hereinabove set forth with respect to the paragraphs referred to in paragraph numbered 14 of the Complaint with the same force and effect as if fully set forth at length herein.

15. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 15 of the Complaint.

16. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 16 of the Complaint.

17. Deny the truth of the allegations contained in paragraph 17 of the Complaint.

18. Deny the truth of the allegations contained in paragraph 18 of the Complaint.

19. Deny the truth of the allegations contained in paragraph 19 of the Complaint.

20. Deny the truth of the allegations contained in paragraph 20 of the Complaint.

21. Deny the truth of the allegations contained in paragraph 21 of the Complaint.

22. Deny the truth of the allegations contained in paragraph 22 of the Complaint.

23. Deny the truth of the allegations contained in paragraph 23 of the Complaint.

24. Deny the truth of the allegations contained in paragraph 24 of the Complaint.

25. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 25 of the Complaint.

26. Deny the truth of the allegations contained in paragraph 26 of the Complaint.

27. Deny the truth of the allegations contained in paragraph 27 of the Complaint.

28. Deny the truth of the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 29 of the Complaint

30. Deny the truth of the allegations contained in paragraph numbered 30 of the Complaint.

31. Deny the truth of the allegations contained in paragraph numbered 31 of the Complaint.

32. Deny the truth of the allegations contained in paragraph numbered 32 of the Complaint.

33. Deny knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 33 of the Complaint

34. Deny the truth of the allegations contained in paragraph numbered 34 of the Complaint.

35. Deny the truth of the allegations contained in paragraph numbered 35 of the Complaint.

36. Deny the truth of the allegations contained in paragraph numbered 36 of the Complaint.

37. Deny the truth of the allegations contained in paragraph 37 of the Complaint and respectfully refer all issues of law to the Court.

38. Deny the truth of the allegations contained in paragraph 38 of the Complaint and respectfully refer all issues of law to the Court.

**AS AND FOR AN ANSWER TO SECTION: COUNT II**

39. Repeat, reiterate and reallege each and every denial hereinabove set forth with respect to the paragraphs referred to in paragraph numbered 39 of the Complaint with the same force and effect as if fully set forth at length herein.

40. Deny the truth of the allegations contained in paragraph numbered 40 of the Complaint.

41. Deny the truth of the allegations contained in paragraph numbered 41 of the Complaint.

42. Deny the truth of the allegations contained in paragraph numbered 42 of the Complaint.

43. Deny the truth of the allegations contained in paragraph numbered 43 of the Complaint.

44. Deny the truth of the allegations contained in paragraph numbered 44 of the Complaint.

45. Deny the truth of the allegations contained in paragraph numbered 45 of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT III

46. Repeat, reiterate and reallege each and every denial hereinabove set forth with respect to the paragraphs referred to in paragraph numbered 46 of the Complaint with the same force and effect as if fully set forth at length herein.

47. Deny the truth of the allegations contained in paragraph 47 of the Complaint.

48. Deny the truth of the allegations contained in paragraph 48 of the Complaint and respectfully refer all issues of law to the Court.

49. Deny the truth of the allegations contained in paragraph 49 of the Complaint and respectfully refer all issues of law to the Court.

## JURY DEMAND

50. County Defendants hereby demand a Jury Trial.

## RESPONDING TO RELIEF REQUESTED IN PLAINTIFF'S COMPLAINT

51. County Defendants deny that Plaintiff is entitled to the relief requested in paragraphs "a" through "e" following Paragraph 50 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

52. That at all times herein mentioned and mentioned in the verified Complaint, all police officers, agents, servants, and/or employees of the Defendants, having anything to do with the Plaintiff were in the performance of their respective duties as police officers, agents, servants and/or employees of the aforesaid Defendant; that all of the acts of such persons as correctional officers, agents, servants, and/or employees of the aforesaid Defendant in connection with the arrest and confinement of the Plaintiff were performed in good faith, without malice, and with reasonable and probable cause in the ordinary course of their duties as correctional officers, agents, servants, and/or employees of the Defendants, and/or as required by such persons by reason of the conduct of the Plaintiff in the aforementioned arrest and confinement.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

53. The alleged acts of conduct of the named defendants herein, under the case of *Monell v. New York State Department of Social Services* do not create vicarious liability pursuant to the doctrine of respondeat superior and consequently defendant County of Nassau cannot be liable pursuant to 42 U.S.C. § 1983 for any acts or conduct of any individual defendant herein, as a matter of law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

54. Plaintiff's constitutional and statutory rights have not been violated by the named defendants herein.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

55. The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

56. That the use of such physical force as employed by the defendants is effectuating the arrest of the plaintiff was reasonable and justified as defined in the Penal Law, Criminal Procedure Law and the Nassau County Police Department's Rules and Regulations. That the plaintiff resisted a lawful arrest, and the use of physical force by the defendants was necessary and proper to overcome the plaintiff's unlawful resistance.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

57. Plaintiffs' Complaint and each and every claim set forth therein, fails to state a claim upon which relief can be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

58. The actions complained of herein were in full accord with the applicable law.

### AS AND FOR AN EIGHTHAFFIRMATIVE DEFENSE:

59. Plaintiffs' claims are barred by the applicable statutes of limitation.

### AS AND FOR A NINETH AFFIRMATIVE DEFENSE:

60. Plaintiffs have failed to exhaust his administrative remedies.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

61. Plaintiffs' claims are barred by the doctrines of *collateral estoppel* and/or *res judicata*.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

62. That should Plaintiffs recover damages as a result of a finding of liability in whole or in part against County Defendants, such recovery should be reduced and diminished to the degree of comparative negligence of Plaintiffs in contributing to such damage.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

63. That if the Plaintiffs sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent reckless and/or wrongful conduct of the Plaintiffs without any negligence reckless and/or wrongful conduct of the Defendant Nassau County, its agents servants or employees contributing thereto.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

64. Plaintiffs have failed to mitigate damages in this matter.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

65. Punitive damages may not be recovered against the County of Nassau as a matter of law.

**WHEREFORE**, Defendants LAURA CURRAN, COUNTY OF NASSAU and POLICE OFFICER KELLEHER, demand judgment dismissing the Complaint of the Plaintiff herein in its entirety and with prejudice, and demands judgment over and against the Plaintiff for the full or partial amount of any judgment or recovery the Plaintiff may obtain against the Defendants, together with the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
April 21, 2021

JARED A. KASSCHAU
Nassau County Attorney
Attorney for County Defendants

BY: _____
SPENCER D. SHAPIRO
Deputy County Attorney
One West Street
Mineola, New York 11501
516-571-3047