UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HOWARD JAMES RYAN,

                    Plaintiff,

   -against-

COUNTY OF NASSAU, POLICE OFFICER THOMAS
P. KELLEHER and POLICE OFFICER KEVIN M. OLSEN,
BOTH IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

                    Defendants.
-----------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21-CV-113 (RPK) (ARL)

**LINDSAY, Magistrate Judge:**

      Plaintiff Howard James Ryan ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Nassau (the "County"), Police Officer Thomas P. Kelleher and Police Officer Kevin M. Olsen, both in their individual and official capacities (the Individual Defendants, and collectively with the County, "Defendants").[1]  Before the Court, on referral from District Judge Kovner, is Plaintiff's motion to amend the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15 to add Detective Anthony M. Chieco, in his individual and professional capacities, and Detective Tristan G. Cetto, in his individual and professional capacities and to remove Police Officer Kelleher and Police Officer Kevin Olsen, both in their individual and official capacities.  ECF No. 18.  Defendants have not opposed the motion.  For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be granted.

---

[1] On February 24, 2022, Plaintiff filed a First Amended Complaint, with Defendants' consent, dropping his claims against Laura Curran, as County Executive of the County of Nassau, in her Official Capacity, and substituting Officer Kevin M. Olsen in the place of Officer John Doe.  ECF No. 15.

## BACKGROUND

The following facts are taken from the Proposed Second Amended Complaint ("PAC") and are assumed true for purposes of this motion.

According to Plaintiff, on January 10, 2020, two Nassau County Detectives -- the newly added Defendants Chieco and Cetto -- entered Plaintiff's home and arrested him. PAC ¶ 14. The detectives placed Plaintiff's hands behind his back and handcuffed him. *Id*. at ¶ 15. Plaintiff claims that he advised the detectives that he was handcuffed too tightly. *Id*. at ¶ 16. Plaintiff alleges he was then placed in the back of the SUV, without affixing a seatbelt and that the detective driving the vehicle intentionally swerved the car from side to side, which caused Plaintiff to be tossed all over and sustain physical damage to his shoulder, right arm, right wrist, right thumb, and right thigh. *Id*. at ¶¶ 17, 18. Plaintiff alleges that the detectives drove him from Ridge to Gilgo Beach and questioned him about Suffolk Police Chief James Burke, while Plaintiff was still handcuffed in the back seat. *Id*. at ¶ 19. According to Plaintiff, the detectives pulled away from Gilgo Beach quickly and violently and that he could not feel his right shoulder and right thumb. *Id.* at ¶¶ 20, 21. Plaintiff alleges he heard the detective driving the vehicle say that they should pull over and loosen the handcuffs, and the detective in the passenger seat stated that he left the keys at the Precinct. *Id.* at ¶ 22. According to Plaintiff, the Detective driving the vehicle told Plaintiff that he was sorry, and he would quickly drive to the Precinct. *Id.* at ¶ 23.

Plaintiff further alleges that once he arrived at the Precinct, he was strip-searched and prevented from phoning his counsel. *Id.* at ¶¶ 24 25. Plaintiff contends that he informed the detectives that he was starting to feel weak and that he could not feel his right thumb which resulted in him being handcuffed to a wall with his arms behind him. *Id.* at ¶¶ 26, 27. After approximately two hours, Plaintiff was released from the wall and allowed to sit down with his

hands cuffed in front of him. *Id.* at ¶ 28. The detectives brought Plaintiff food but, according to Plaintiff, due to the injuries he suffered and the handcuffs, Plaintiff was barely able to get it to his mouth. *Id.* at ¶ 29.

Several hours later, when police officers prepared to transport Plaintiff to Mineola, Plaintiff informed the officers that he was injured. *Id.* at ¶ 30. According to Plaintiff, an officer told him not to tell anyone about the injury or he would be hospitalized for three days. *Id.* at ¶ 31. Plaintiff was then transported to Mineola and released without bail. *Id.* at ¶ 32.

Plaintiff asserts three claims in the PAC against the County and the Individual Defendants. First, Plaintiff argues that Defendants used unreasonable and excessive force and battered Plaintiff. *Id.* at ¶ 33. Defendants' actions were intentionally, recklessly, and/or negligently done to intimidate and cause Plaintiff physical and emotional injuries and the excessive force and battering used by Defendants, by intentionally transporting Plaintiff in an unsafe manner, and cuffing him too tightly, was conducted the color of law within the purview of § 1983. *Id.* at ¶¶ 34, 35. Plaintiff argues that the excessive force and battering was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment, deprived Plaintiff of his liberty and was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. *Id.* at ¶ 36. In his second claim, Plaintiff alleges that the County is liable to Plaintiff because of "customs, policies, and practices for creating an environment that tolerates, encourages, and condones constitutional violations." *Id.* at ¶ 44. Finally, Plaintiff asserts a third claim in the PAC, alleging that the Individual Defendants used excessive force during the course of their employment and are liable to Plaintiff for his injuries and the County is similarly liable under a theory of *respondeat superior*. *Id.* at ¶¶ 47, 49.

3

The original complaint in this action was filed on January 8, 2021, ECF No. 1, and the First Amended Complaint was filed on March 16, 2022. On May 19, 2021, this Court entered a scheduling order, providing, *inter alia*, that the deadline for filing motions for joinder of additional parties or amendment of the pleadings was September 20, 2021. ECF No. 11. The parties have requested several extensions of the deadline for the completion of discovery, which were granted, but the parties have never requested that the deadline for the amendment of the pleadings be extended. Plaintiff filed the instant motion on July 15, 2022, seeking to once again amend the Complaint to change the identity of the named Individual Defendants. ECF No. 18.

## DISCUSSION

### I. Standard of Review

Under Rule 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)(2). Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

When a proposed amendment seeks to add new parties, the propriety of the proposed amendment is governed by Rule 21 which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Addison v. Reitman Blactop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011). In deciding whether to permit the addition of defendants under Rule 21, "courts apply the same standard of liberality afforded to motions to

4

amend pleadings under Rule 15." *Addison*, 283 F.R.D. at 79 (citations and internal quotation marks omitted). "Thus, leave to amend a complaint to assert claims against additional defendants 'should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court.'" *Id.* (quoting *DeFazio v. Wallis*, No. 05–CV–5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006)).

In addition, where, as here, a Court has issued a scheduling order, pursuant to Rule 16, such an order "may be modified only for good cause." Fed. R. Civ. P. 16(b). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiff, as the movant, has the burden of proving good cause. *Ahmed v. Astoria Bank*, No. 14-CV-4595, 2015 U.S. Dist. LEXIS 92689, 2015 WL 4394072, at *2 (E.D.N.Y. July 16, 2015). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340. "A party has not acted diligently where the proposed amendment to the pleading is based on information that the party knew, or should have known, in advance of the deadline sought to be extended." *Ahmed*, 2015 U.S. Dist. LEXIS 92689, 2015 WL 4394072, at *2 (citations and internal quotation marks omitted). Finally, "[a]lthough diligence is the primary focus of a 'good cause' analysis, a court may, in its discretion, also consider other factors, such as whether 'allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.'" *Id.* (quoting *Kassner v. 2nd Ave Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).

**II.     Analysis**

Plaintiff's deadline to amend his pleading was September 20, 2021. ECF No. 11. The only argument made by Plaintiff to establish good cause is that he discovered he named the wrong officers during the course of discovery and that the parties have been "unable to agree on a stipulation to amend the summons and complaint, naming the proper Defendants." ECF No. 18. Defendants have not opposed the amendment.

"Courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery." *In re Pfizer Inc. Sec. Litig.*, 2012 U.S. Dist. LEXIS 39449, 2012 WL 983548, at *2 (S.D.N.Y. Mar. 22, 2012); *see, e.g., Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.,* 2016 U.S. Dist. LEXIS 130918, 2016 WL 5338550 (S.D.N.Y. Sept. 23, 2016) (permitting an amended complaint whose proposed allegations were "based on evidence" obtained in discovery, even though the deadline to amend pleadings had passed). Plaintiff seeks to replace two defendant police officers with two different police officers. Applying the relevant legal standards as set forth above for extending a scheduling order deadline to allow amendment of the Complaint, the Court recommends that Plaintiff's motion to amend be granted to the extent that Plaintiff be given leave to file his Second Amended Complaint

Having determined that good cause exists to extend the deadline for amendment of Plaintiff's First Amended Complaint to allow for two defendants to be dropped and two to be added, the Court turns next to whether the liberal standard of Rule 15 has been satisfied.

The amendment proposed by Plaintiff is rather straight forward, Plaintiff's second amended complaint seeks to add two additional defendants -- Detective Anthony M. Chieco and Detective Tristan G. Cetto -- and dismiss claims against two current defendants -- Police Officer Kelleher and Police Officer Kevin Olsen. No new factual allegation have been asserted, and the

claims arise out of the same events underlying the First Amended Complaint, which Defendants consented to. Plaintiff has exhibited no evidence of bad faith or undue delay. Defendants have not opposed the amendment on the basis of futility. [2]

Since there has been no undue delay, bad faith, or prejudice to the Defendants, the Plaintiff's unopposed motion to amend the complaint should granted. *See, e.g., GWG MCA Cap., Inc. v. Nulook Cap., LLC,* 17-cv-1724 (ADS) (GRB), 2017 U.S. Dist. LEXIS 220356, 2017 WL 8809368, at *1-3 (E.D.N.Y. Oct. 14, 2017); *Sanders v. Gifford*, No. 9:11-CV-0326 (LEK/RFT), 2014 U.S. Dist. LEXIS 44083, 2014 WL 1292220 (N.D.N.Y. Mar. 31, 2014) (allowing unopposed motion to amend to add two new defendants); *Henriquez v. Kelco Landscaping, Inc.,* 299 F.R.D. 376, 379 (E.D.N.Y. 2014) (granting motion to amend where there is no evidence of no undue delay, bad faith, futility or prejudice to the Defendant); *Ayiloge v. City of New York*, 00 CIV. 5051 (JSR), 2000 U.S. Dist. LEXIS 17777, 2000 WL 1804154, at *2 (S.D.N.Y. Dec. 8, 2000) (granting the "plaintiff's motion to amend the Complaint to add a defendant and allege additional facts, since that part of plaintiff's application [was] unopposed"). Accordingly, the undersigned respectfully recommends Plaintiff's motion to amend be granted.

The parties are directed to provide a schedule for the completion of discovery to the undersigned no later than ten days from the date of the District Court's resolution of Plaintiff's motion to amend.

---

[2] The Proposed Second Amended Complaint sets forth three causes of action under Section 1983 for constitutional violations, including a claim for municipal liability on the basis of *respondeat superior*. Defendants have not challenged the merits of these claims, and therefore the Court will not address them *sua sponte*, other than to note that municipalities are not liable under § 1983 on a theory of respondeat superior for the constitutional torts of their employees. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also McKeever v. Singas,* No. 17-cv-4996 (JS)(SIL), 2022 U.S. Dist. LEXIS 108647 at *43 (E.D.N.Y. June 16, 2022) ("Consistent with this 'policy or custom' requirement, a municipality may not be held liable under Section 1983 on a respondeat superior theory of liability") (citing *Frederique v. County of Nassau*, 168 F. Supp. 3d 455, 480 (E.D.N.Y. 2016) (citing *Monell*, 436 U.S. at 690-91, 98 S. Ct. at 2036); *Genovese v. Town of Southampton*, 921 F. Supp. 2d 8, 24 (E.D.N.Y. 2013) (A municipality "cannot be held liable under § 1983 on a respondeat superior theory.") (internal quotation omitted)).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF.  Any requests for an extension of time for filing objections must be directed to Judge Kovner prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
November 1, 2022

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge